AUSA: William Broman Telephone: (313) 226-0205

AO 91 (Rev. 11/11) Criminal Complaint Special Agent: Matthew Rummell, ATF Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.
Kemani Bryant

Case No. 26-mj-30535

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 16, 2025 in the county of Wayne in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 18 U.S.C. § 922(o) | Illegal Possession of a Machinegun |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Matthew Rummell, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

[signature]
*Judge's signature*

Date: September 2, 2026

City and state: Detroit, MI

Hon. Elizabeth A. Stafford, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Matthew Rummel, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since September 2014. I have a bachelor's degree in criminal justice. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator School and the ATF's Special Agent Basic Training School. Prior to joining the ATF, I was employed, for approximately eight years, as a Parole Agent with the Michigan Department of Corrections. During that time, for approximately four years, I was assigned to a multi-jurisdictional task force comprised of federal, state, and local law enforcement agencies. Collectively, I have over 19 years of experience in law enforcement. Pursuant to 18 U.S.C. § 3051, I am empowered to enforce criminal laws of the United States.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my

training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3. Law enforcement, to include the ATF, is currently conducting a criminal investigation concerning Kemani BRYANT, for violations of 18 U.S.C. § 922(o) (Illegal Possession of a Machinegun).

## II. PROBABLE CAUSE

4. Firearms defined under the National Firearms Act (NFA) require registration in the National Firearms Registration and Transfer Record (NFRTR). In addition, people, and entities manufacturing, importing, or dealing in NFA Weapons are subjected to the payment of a Special Occupational Tax (SOT).

5. The National Firearms Act (NFA) includes machineguns in the definition of a "firearm." 26 U.S.C. § 5845(a). The NFA, in turn, defines a machinegun as:

> Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person. 26 U.S.C. § 5845(b).

6. A machinegun conversion device (MCD) - commonly referred to as a "Glock Switch" or "Glock Auto Sear" - is an aftermarket device consisting of a part, or combination of parts, designed and intended for use in converting a semiautomatic firearm into a machinegun; therefore, it is also a "machinegun" under the NFA.

7. A MCD allows a firearm to fire more than one projectile with a single pull of the trigger. Pursuant to ATF rulings and regulations, "Glock Switches" in and of themselves have been classified as machineguns pursuant to the definition appearing in 26 U.S.C. § 5845(b).

8. Further, the Gun Control Act, incorporated in 18 U.S.C. § 922(o), prohibits the transfer or possession of a machinegun manufactured after May 19, 1986. ATF is not aware of any Glock conversion devices that were developed before May 19, 1986. As such, Glock conversion devices are considered post-1986 machineguns. Therefore, they may only be lawfully possessed by properly licensed Federal Firearms licensees who have paid the appropriate Special Occupational Tax required of those manufacturing, importing, or dealing in NFA Weapons under the authority of the United States and any department or agency thereof or a State or a department, agency, or political subdivision thereof. 18 U.S.C. § 922(o). BRYANT does not possess a valid Federal Firearm license, and as a result, any possession by BRYANT of an MCD would be prohibited by law.

9. In addition, 26 U.S.C. § 5844 states that no National Firearms Act firearm (including machineguns) can be imported into the United States unless the importer proves to the Secretary of the Treasury/Attorney General that the item fits a specific exempt purpose.

10. In December of 2025, Homeland Security Investigations (HSI) Cyber Crimes Group began targeting multiple websites and venders, offering for sale parts designed to convert semiautomatic pistols into fully automatic machineguns and fire control units (FCUs). These illicit firearm components consist of machinegun conversion devices ("MCDs"), commonly known as "Glock switches" and "auto sears." To date, this investigation has resulted in the seizures of hundreds of MCDs from multiple websites.

11. In January 2026, "WEBSITE 1" began providing HSI nearly real time MCD orders placed by United States customers from a criminal target vendor. In turn, HSI provided this information to Customs and Border Protections National Targeting Center along with domestic shipping companies such as FedEx and UPS in order to intercept packages containing MCDs. Since January 2026 and continuing through March 2026, "WEBSITE 1" turned over approximately 180 orders from the target vendor destined for customers throughout the United States. Of those, HSI was able to intercept 72 packages. All 72 packages that were intercepted were found to contain MCDs and/or FCUs.

12. HSI received order information from "WEBSITE 1" for U.S. based customers making purchases from the target vendor. The order information consists of the following: customer name, shipping address, telephone number, email address, and payment information.

13. During a review of the records obtained, HSI Detroit identified at least one order placed on November 10, 2025, via Apple Pay to the following, made by purchaser "Mani BRYANT". Law enforcement has confirmed that BRYANT was the purchaser of this order and that the order was destined for BRYANT'S residence. BRYANT provided phone number 313-704-5744 and email address Kingabryant2020@gmail.com as a means of contact for the order. WEBSITE 1 turned over the following order information made by BRYANT:

Order One

Customer Name: "Mani BRYANT"

Address: United States of America, Michigan, Canton, 51074 Mott Road, \N

Phone: 313-704-5744

Email: Kingabryant2020@gmail.com

Payment: ApplePay

Item Ordered: High-Precision CNC Machining Precision Mechanical Parts Accessories Industrial Equipment Aluminum Hardware Parts Metal

Broaching; 1:1 CNC Machined Metal Club Enthusiast Toy Accessories Prototype for Machining Services

Date/Time: 11/10/2025, 18:34 hours

14. On August 18, 2026, ATF executed a federal search warrant (26-mc-51045-1) at 51074 Mott Road, Trailer 223, Canton, MI 48188. Kemani BRYANT was located inside the residence. Homeland Security Investigation (HSI) Special Agent Hughes and I conducted a custodial interview of BRYANT. The interview was audio recorded.

15. After advising BRYANT of his *Miranda* rights, BRYANT stated he understood his rights and agreed to speak with agents. BRYANT admitted that he used the Chinese e-commerce platform “Alibaba” to order machinegun conversion devices from an overseas source, had the devices shipped to his residence (51074 Mott Road, Trailer 223, Canton), successfully received at least one device, and resold it for a profit. BRYANT admitted that he purchased the MCDs with the intention of reselling them for a large profit. BRYANT further admitted that he sold the device for a profit, consistent with his intent. BRYANT confessed that he knew he should not have possessed the MCD.

16. When specifically asked about “switches,” BRYANT demonstrated an understanding of the devices and described them as conversion devices that cause a firearm to fire significantly faster.

17. BRYANT confessed that he ordered two machinegun conversion devices through Alibaba and indicated that the devices were being offered directly through the platform and acknowledged that the way they were advertised and sold "should be illegal."

18. BRYANT stated that his first order was placed sometime during the previous year, using his mobile device, although he could not provide an exact date. BRYANT also acknowledged that identifying information associated with him, including the email address, telephone number, and address identified above, were associated with the order.

19. BRYANT identified his cell phone, an Apple iPhone 16, for agents and provided the passcode which unlocked the phone successfully.

20. Based in part to BRYANT's admission that he had used a cell phone to obtain machineguns and sell them to a third party, I obtained a federal search warrant (26-mc-51045-2) for BRYANT's Apple iPhone 16, seized during the residential search warrant.

21. During a review of BRYANT's cell phone extraction, I observed hundreds of images and videos of firearms, including from my training and experience, machine gun conversion devices (MCDs). In most of these images, BRYANT was in possession of MCDs and firearms. BRYANT was also observed with numerous other individuals who were also in possession of MCDs and firearms.

22. As stated herein, on or about November 10, 2025, BRYANT placed an order with Chinese e-commerce platform "Alibaba" to order machinegun conversion devices and had the devices shipped to his residence, located at 51074 Mott Road, Trailer 223, Canton, MI 48188, in the Eastern District of Michigan.

23. In BRYANT's device, I observed a screen capture from November 16, 2025 of a FedEx tracking of package XXXXXXXXX200 (from Queens, NY to Canton, MI). The screenshot showed that at 6:16 a.m., the package was out for delivery from Belleville, MI. BRYANT's device contained several photographs with timestamps including the following, all taken on November 16, 2025:

- 9:49 a.m.: A picture of a FedEx truck outside what appears to be the College Park Trailer park at 51074 Mott Road, Canton;




- 10:04 a.m.: A live photo of a Glock slide with a gold and red MCD affixed;




- 10:28 a.m.: A live photo of a disassembled MCD;




- 10:28 a.m. A live photo of a Glock slide with a MCD affixed, next to another MCD disassembled.




24. There are numerous subsequent photos of BRYANT holding a Glock style firearm with MCDs affixed. There were also numerous photos of additional standalone MCDs in various colors including stainless steel, orange and red.

25. I provided a sample of the above listed photos to ATF's Firearms & Ammunition Technology Division (FATD). ATF FATD has advanced training and expertise and are subject matter experts in the field of firearms, including

machineguns. FATD stated, "Based on your provided photographs, you appear to several Glock-type machinegun conversion devices (MCDs). These MCDs, in and of themselves, are each regulated as a "machinegun" under both the Gun Control Act (GCA) and the National Firearms Act (NFA). They are also each a "firearm" under the NFA."

26. On August 28, 2026, I conducted a custodial interview of BRYANT with detectives from Michigan State Police. BRYANT was provided the *Miranda* warning and voluntarily answered my questions. BRYANT admitted to being present during a non-fatal shooting that had occurred a few days earlier. BRYANT explained that this shooting was prompted by verbal statements and threats made by individuals toward BRYANT and others outside a corner store. BRYANT stated that he believed the individuals were associated with a rival gang. BRYANT further explained that following the verbal exchange, he chased the individuals to see if they would follow through on their threats. I am aware that one of the individuals being chased, a thirteen year old,  was shot.

27. During the August 28th custodial interview, BRYANT also admitted to fleeing from police on August 27, 2026, when he was pulled over for a traffic stop.

28. BRYANT explained that he maintained a close circle of friends, including two that have recently moved to Jacksonville, Florida. I noted that BRYANT had changed his appearance by shaving his dreadlocks which I observed

during my first custodial interview. When I asked about the new appearance, BRYANT admitted that he wanted a “new look” and planned to flee Michigan to Las Vegas, Nevada.

## III. CONCLUSION

29. Based on the foregoing, probable cause exists to believe that on November 16, 2025, Kemani BRYANT knowingly possessed a machinegun conversion device in violation of Title 18 U.S.C. Section 922(o), such violation occurring within the Eastern District of Michigan.

Respectfully submitted,

Matthew Rummel, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Honorable Elizabeth A. Stafford
United States Magistrate Judge

Dated: September 2, 2026